UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAITH BENNETT, et al.,

      Plaintiffs,                                  Case No. 1:24–cv–00234–PLM–PJG

vs.                                                Hon. Paul L. Maloney

BRET WITKOWSKI, et al.,

      Defendants.
_____/

**ORDER DENYING MOTION FOR STATUS CONFERENCE**

      Plaintiffs filed a motion for a status conference (ECF No. 6). In addition to the status conference, Plaintiffs request the Court stay all deadlines until after the status conference. The Court will deny the motion.

      This lawsuit arises from the foreclosure proceedings after owners failed to pay property taxes. A class action lawsuit in this district addressing the same situation remains pending. The Court assumes the plaintiffs in this lawsuit have opted out of the class action lawsuit. The lawsuits filed by opt–out plaintiffs have been deemed related to the class action lawsuit and have been or are being reassigned to this judge. As the opt–out plaintiffs began filing their lawsuits, on September 6, 2023, Magistrate Judge Phillip Green issued a notice for a status conference scheduled for September 26. Then, on September 14, the parties filed a stipulation and order to stay pending the settlement conference, which the Court approved and entered in about two dozen lawsuits.

      The Magistrate Judge held the settlement conference. One attorney who represents many of the opt–out plaintiffs indicated that there may be as many as 300 more. The Magistrate Judge suggested that the attorneys representing the plaintiffs find some way to organize and coordinate the lawsuits. At least one attorney expressed a willingness to have an "opt–out litigation leader" that would allow the Court to decide overlapping issues en masse, similar to multi–district litigation. The Magistrate Judge concluded that the Court would wait approximately 120 days to allow for any additional lawsuits to be filed before acting. The Magistrate Judge then placed the burden on the attorneys to work out the details going forward in order to streamline the litigation of these related lawsuits.

      More than 120 days have passed since the September 2023 status conference. In the past weeks and months, more than three dozen tax foreclosure cases have been assigned or reassigned. This judge now presides over more than fifty tax foreclosure cases. Most of the lawsuits involve the same attorneys. Most of the newer cases were initially filed in the state courts months after the September 2023 status conference before being removed to federal court by the county defendants.

      The plaintiffs in the pending motions for a status conference and for a stay justify their request on the potential for inconsistent applications of the law. In some of the lawsuits, the county defendants filed motions to dismiss. Because of pending deadlines to either file an answer or a motion to dismiss or a response to a motion to dismiss, Plaintiffs request a stay for all deadlines until the Court holds a status conference to "bring some structure to the process and set a schedule to address the issues raised in these cases in a manner and a

sequence that will best serve judicial economy and the interests of justice."

The Court finds that Plaintiffs have not established a sufficient basis for a stay of the pending deadlines. The parties have already had the benefit of one status conference. At that conference, the Magistrate Judge tasked the parties with formulating a plan to streamline the resolution of these lawsuits. In this motion, Plaintiffs do not summarize their efforts nor do Plaintiffs assert that the attorneys have reached an impasse. This motion does not accomplish the task given the parties at the last status conference. The mere possibility of inconsistent applications of law does not justify a stay at this point. A better use of everyone's time and resources at this stage would be for the parties to address the complaints through answers, responsive pleadings or Rule 12 motions and responses. This order does not preclude the possibility of later identifying a lead case for the purpose of resolving common issues.

Accordingly, the Court DENIES Plaintiff's motion for a status conference and for a stay (ECF No. 6).

IT IS SO ORDERED.

Dated:  May 22, 2024                    __/s/ Paul L. Maloney_____
                                        PAUL L. MALONEY
                                        United States District Judge